**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 26-48727-lsg |
| CARTA FINISHING, LLC | In Proceedings Under Chapter 11 |
| Debtor. | Hon. Lisa S. Getchko |
| ______________________________/ | |

# STIPULATION TO ENTRY OF INTERIM ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION, AND GRANTING RELATED RELIEF

The above-captioned debtor (the "**Debtor**"), the subchapter V trustee Mark Shapiro (the "**Sub V TTE**"), and the Office of the United States Trustee ("**UST**") stipulate and agree as follows:

1. On August 4, 2026, the Debtor filed its *First Day Motion for Entry of Interim and Final Orders Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection* [ECF No. 4] ("Cash Collateral Motion").

2. On August 7, 2026, the Court held an interim hearing on the Cash Collateral Motion, which was continued to August 14, 2026. *See* ECF No. 26.

3. On August 12, 2026, the Debtor filed it replacement budget. *See* ECF No. 28.

4. On August 14, 2026, the Court held the continued hearing on the Cash Collateral Motion and authorized and approved Debtor's use of cash collateral. *See* ECF No. 33.

5. The Debtor, UST and Sub V TTE stipulate and agree to the entry of the order, attached as **Exhibit A**, authorizing and approving Debtor's use of cash collateral.

6. For the Court's convenience, the redline order attached as **Exhibit B** is a redline comparing the proposed order attached as **Exhibit A** to the draft proposed order presented to the Court at the August 14, 2026 hearing.

Respectfully submitted,

SCHAFER AND WEINER, PLLC

/s/ John J. Stockdale, Jr.
JOHN J. STOCKDALE, JR. (P71561)
Proposed Counsel for Debtor
40950 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
(248) 540-3340
jstockdale@schaferandweiner.com

OFFICE OF THE UNITED STATES TRUSTEE

/s/ Sean M. Cowley
SEAN M. COWLEY (P72511)
Trial Attorney
United States Department of Justice-Office of the U.S. Trustee
211 West Fort Street, Suite 700
Detroit, MI 48226
Phone: (202) 641-3559
Email: sean.cowley@usdoj.gov

(Signatures Continued on Next Page)

THE SUBCHAPTER V TRUSTEE

/s/ Mark Shapiro
MARK H. SHAPIRO (P43134)
25925 Telegraph Rd., Ste. 203
Southfield, MI 48033
shapiro@steinbergshaprio.com
(248) 352-4700

Dated: August 17, 2026

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re: Case No. 26-48727-lsg

CARTA FINISHING, LLC, In Proceedings Under Chapter 11

Debtor. Hon. Lisa S. Gretchko

_______________________________/

**INTERIM ORDER GRANTING DEBTOR'S FIRST DAY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

Upon consideration of Carta Finishing, LLC's ("**Debtor**") *First Day Motion for Entry of Order Authoring the Debtor to Use Cash Collateral and Granting Adequate Protection* (the "**Motion**") and the Johnson Declaration; and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Motion and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and this matter being a core proceeding within the meaning of section 157 of title 28 of the United States Code; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtor, its creditors, and all parties-in-interest; and the Court having heard the sufficient evidence and statements of counsel regarding the Motion and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, therefore;

**THE COURT HEREBY FINDS:**

A. On August 4, 2026 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

B. Since the Petition Date, the Debtor has continued in possession of its assets and has continued to operate its business as a debtor-in-possession pursuant to section 1184 of the Bankruptcy Code and no Official Committee of Unsecured Creditors has been or is expected to be formed consistent with section 1181(b) of the Bankruptcy Code.

C. The Debtor requires the use of the Cash Collateral for the maintenance and preservation of its assets, and for the operation of its business and the payment of business expenses in the ordinary course.

D. The relief provided herein is necessary, essential, and appropriate for the continued operation of the Debtor's business and the management and preservation of its assets, and is otherwise necessary to avoid immediate and irreparable harm to the Debtor and its estate pending a final hearing on the Motion.

E. The Debtor provided notice of the initial hearing on the Motion by serving notice in accordance with Local Rule 9013-1 (E.D. Mich.). The notice provided is appropriate, adequate and proper under the circumstances of this case in accordance with Fed. R. Bankr. P. 4001(b) and Local Rule 4001-2 (E.D. Mich.).

In light of the foregoing, **IT IS HEREBY ORDERED** that:

1. The Motion is **GRANTED** as set forth in this Order.

2. All capitalized terms not defined in this Order shall have the meaning ascribed to them in the Motion; *provided*, *however*, the Budget, as used in the Motion, shall mean the revised budget filed at ECF No. 28.

3. The Debtor is authorized to use Cash Collateral and grant adequate protection in accordance with the Budget and terms of the Motion.

4. The amount of Cash Collateral necessary for the Debtor to use to avoid immediate and irreparable harm before the date of the final hearing or the date this Order becomes a final order, in the absence of a timely objection and final hearing, is $257,183.64 (assuming twenty-one (21) days of Cash Collateral usage for weeks 2, 3, and 4 of the Budget) and the Debtor's authorized use of Cash Collateral is limited to that amount prior to the entry of a final order authorizing the Debtor to use Cash Collateral or the time this Order becomes a final order, as the case may be, unless ordered otherwise. Pending entry of a final order, the Debtor may use Cash Collateral in accordance with the line item amounts set forth above in accordance with the Budget, with a fifteen percent (15%) variance per line item on a monthly basis.

5. As adequate protection under section 361 and 363 of the Bankruptcy Code for any security interest that the alleged Secured Creditors that may assert in the Cash Collateral of the Debtor, to the extent that the Debtor uses such Cash

Collateral and does not replace it, are hereby granted replacement liens in the same type and description of collateral that were secured by the applicable pre-petition loan documents, which are created, acquired, or arise after the Petition Date. None of the replacement liens granted under this Order in any way encumber (a) any claims pursuant to Sections 502(d), 544, 545, 547, 548, 549, 550, 551 or 553 of the Bankruptcy Code ("**Avoidance Claims**"), or (b) any proceeds or property recovered in connection with the successful prosecution or settlement of any of the Avoidance Claims ("**Avoidance Proceeds**").

6. For clarity, notwithstanding any provision of this Order or in any other document, no lien shall attach to Avoidance Claims or Avoidance Proceeds. Further, no administrative claim (including, without limitation, claims arising under section 503(b) of the Bankruptcy Code with superpriority pursuant to section 507(b) of the Bankruptcy Code) or other priority claim under this Order shall be payable from or have recourse to any Avoidance Claims, Avoidance Proceeds, or claims under 11 U.S.C. § 506(c).

7. The Debtor shall, within twenty-four (24) hours following the entry of this Order, serve copies of this Order and the Debtor's motion for entry of this Order with all attachments on (i) the 20 largest unsecured creditors, (ii) all secured creditors and alleged Secured Creditors, (iii) the United States Trustee's Office, (iv) the

Subchapter V trustee, and (v) all other parties who are required to be served under Fed. R. Bankr. P. 4001(d).

8. All parties seeking to object to this Order must file a written objection on or before August 28, 2026 at 5:00 p.m. prevailing Eastern time. If an objection is timely filed, the final hearing on this Order will be held before the Honorable Lisa S. Gretchko, United States Bankruptcy Judge, in courtroom 1975, located at 211 West Fort Street, Detroit, Michigan, on September 4, 2026 at 3:00 p.m. If no timely objection is filed, then this Order will become a final order without a further hearing, and the Debtor will be authorized to spend Cash Collateral for those expenses referenced in the Motion, as well as any other expenses necessary for operating the business in the ordinary course going forward.

9. The Debtor's authority to use Cash Collateral shall continue until otherwise ordered by this Court.

10. The Debtor is authorized to segregate in a Debtor-In-Possession account up to $10,000 per month earmarked for the payment of Debtor's professional fees and the subchapter V trustee fees, consistent with the Budget. The amounts for any professional set forth in the Budget shall not constitute a limitation, maximum, or cap on the amount of fees and expenses of that professionals may incur or be paid by the estate in this Case. The segregated funds for professional fees will remain property of the estate until such time that fees are allowed under 11 U.S.C. §

330, and such funds shall be free and clear of the liens, claims and interest of any alleged Secured Creditor.

11. Merchant cash advance (MCA) creditors and all other persons subject to the Court's jurisdiction are directed to affirmatively take whatever action is necessary or appropriate in order to withdraw any prepetition demands for payment of funds.

12. Nothing in this Order may be construed as an admission by Debtor as to any liability or the amount of any indebtedness, or as an admission by Debtor with respect to the validity, extent, priority, and/or enforceability of any alleged lien against any of Debtor's assets.

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 26-48727-lsg |
| CARTA FINISHING, LLC, | In Proceedings Under Chapter 11 |
| Debtor. | Hon. Lisa S. Gretchko |

______________________________/

**INTERIM ORDER GRANTING DEBTOR'S FIRST DAY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

Upon consideration of Carta Finishing, LLC's ("**Debtor**")[1] *First Day Motion for Entry of Order Authoring the Debtor to Use Cash Collateral and Granting Adequate Protection* (the "**Motion**") and the Johnson Declaration; and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Motion and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and this matter being a core proceeding within the meaning of section 157 of title 28 of the United States Code; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtor, its creditors, and all parties-in-interest; and the Court having heard the sufficient evidence and statements of

[1] ~~Terms not defined herein have the meanings ascribed in the Motion.~~

counsel regarding the Motion and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, therefore;

**THE COURT HEREBY FINDS:**

A. On August 4, 2026 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

B. Since the Petition Date, the Debtor has continued in possession of its assets and has continued to operate its business as a debtor-in-possession pursuant to section 1184 of the Bankruptcy Code and no Official Committee of Unsecured Creditors has been or is expected to be formed consistent with section 1181(b) of the Bankruptcy Code.

C. The Debtor requires the use of the Cash Collateral for the maintenance and preservation of its assets, and for the operation of its business and the payment of business expenses in the ordinary course.

D. The relief provided herein is necessary, essential, and appropriate for the continued operation of the Debtor's business and the management and preservation of its assets, and is otherwise necessary to avoid immediate and irreparable harm to the Debtor and its estate pending a final hearing on the Motion.

E. The Debtor provided notice of the initial hearing on the Motion by serving notice in accordance with Local Rule 9013-1 (E.D. Mich.). The notice

provided is appropriate, adequate and proper under the circumstances of this case in accordance with Fed. R. Bankr. P. 4001(b) and Local Rule 4001-2 (E.D. Mich.).

In light of the foregoing, **IT IS HEREBY ORDERED** that:

1. The Motion is **GRANTED** as set forth in this Order.

2. All capitalized terms not defined in this Order shall have the ~~meanings~~meaning ascribed to them in the Motion; *provided, however*, the Budget, as used in the Motion, shall mean the revised budget filed at ECF No. 28.

3. The Debtor is authorized to use Cash Collateral and grant adequate protection in accordance with the Budget and terms of the Motion~~, and such authority continues until further order of the Court~~.

4. The amount of Cash Collateral necessary for the Debtor to use to avoid immediate and irreparable harm before the date of the final hearing or the date this Order becomes a final order, in the absence of a timely objection and final hearing, is $~~156,007~~257,183.64 (assuming ~~fourteen (14~~twenty-one (21) days of Cash Collateral usage for weeks 2, 3, and ~~3~~4 of the Budget~~ [ECF No. 28]~~)) and the Debtor's authorized use of Cash Collateral is limited to that amount prior to the entry of a final order authorizing the Debtor to use Cash Collateral or the time this Order becomes a final order, as the case may be, unless ordered otherwise. Pending entry of a final order, the Debtor may use Cash Collateral in accordance with the line item

amounts set forth above in accordance with the Budget, with a fifteen percent (15%) variance per line item on a monthly basis.

~~5. Within fourteen (14) days before the expiration of the Budget, Debtor shall file a replacement Budget with the Court. Parties-in-interest shall have seven (7) days thereafter to file any objection to the proposed replacement Budget. If no party-in-interest objects to the proposed replacement Budget, it shall become the Budget. If a party-in-interest objects to the proposed replacement Budget, the Court shall set a hearing on such objection as soon as possible and the Debtor's use of Cash Collateral shall continue through the date of such hearing absent further order of this Court.~~

~~6.~~5. As adequate protection under section 361 and 363 of the Bankruptcy Code for any security interest that the alleged Secured Creditors that may assert in the Cash Collateral of the Debtor, to the extent that the Debtor uses such Cash Collateral and does not replace it, are hereby granted replacement liens in the same type and description of collateral that were secured by the applicable pre-petition loan documents, which are created, acquired, or arise after the Petition Date. None of the replacement liens granted under this Order in any way encumber (a) ~~"Avoidance Actions," which shall mean all causes of action arising on or after the Petition Date under sections~~any claims pursuant to Sections 502(d), 544, 545, 547, 548, 549, 550, 551~~,~~ or 553 of the Bankruptcy Code~~,~~, **("Avoidance Claims")**, or (b)

any proceeds or property recovered in connection with the successful prosecution or settlement of any of the Avoidance ~~Actions.~~Claims ("**Avoidance Proceeds**").

6. For clarity, notwithstanding any provision of this Order or in any other document, no lien shall attach to Avoidance Claims or Avoidance Proceeds. Further, no administrative claim (including, without limitation, claims arising under section 503(b) of the Bankruptcy Code with superpriority pursuant to section 507(b) of the Bankruptcy Code) or other priority claim under this Order shall be payable from or have recourse to any Avoidance Claims, Avoidance Proceeds, or claims under 11 U.S.C. § 506(c).

7. The Debtor shall, within twenty-four (24) hours following the entry of this Order, serve copies of this Order and the Debtor's motion for entry of this Order with all attachments on (i) the 20 largest unsecured creditors, (ii) all secured creditors and alleged Secured Creditors, (iii) the United States Trustee's Office, (iv) the Subchapter V trustee ~~(if appointed),~~, and (v) all other parties who are required to be served under Fed. R. Bankr. P. 4001(d).

8. All parties seeking to object to this Order must file a written objection on or before ~~September __, 2026.~~August 28, 2026 at 5:00 p.m. prevailing Eastern time. If an objection is timely filed, the final hearing on this Order will be held before the Honorable ~~___________,~~Lisa S. Gretchko, United States Bankruptcy Judge, in courtroom ~~____,~~1975, located at 211 West Fort Street, Detroit, Michigan,

on September ~~___,~~4, 2026 at ~~___:~~3:00 ~~[a.m./~~p.m.~~]~~. If no timely objection is filed, then this Order will become a final order without a further hearing, and the Debtor will be authorized to spend Cash Collateral for those expenses referenced in the Motion, as well as any other expenses necessary for operating the business in the ordinary course going forward.

9. The Debtor's authority to use Cash Collateral shall continue until otherwise ordered by this Court.

10. The Debtor is authorized to segregate in a Debtor-In-Possession account up to $10,000 per month earmarked for the payment of Debtor's professional fees and the subchapter V trustee fees, consistent with the Budget. The amounts for any professional set forth in the Budget shall not constitute a limitation, maximum, or cap on the amount of fees and expenses of that professionals may incur or be paid by the estate in this Case. The segregated funds for professional fees will remain property of the estate until such time that fees are allowed under 11 U.S.C. § 330, and such funds shall be free and clear of the liens, claims and interest of any alleged Secured Creditor.

11. Merchant cash advance (MCA) creditors and all other persons subject to the Court's jurisdiction are directed to affirmatively take whatever action is necessary or appropriate in order to withdraw any prepetition demands for payment of funds.

12. Nothing in this Order may be construed as an admission by Debtor as to any liability or the amount of any indebtedness, or as an admission by Debtor with respect to the validity, extent, priority, and/or enforceability of any alleged lien against any of Debtor's assets.